PD-0274-15

IN THE COURT OF CRIMINAL APPEALS
TRAVIS COUNTY, TEXAS

July 8, 2015

Bruce Egrim Joseph
TDCJ-ID#1411430 Appellant pro se
Vs.
THE STATE OF TEXAS
    Appellee

C.O.A. Case No. 01-14-00237-CR
Tr. Ct. No. 05-DCR-043,408 A
PD-0274-15

PROCEEDING IN THE COURT OF CRIMINAL APPEALS
FOR APPELLANT'S MOTION FOR REHEARING.

TO THE HONORABLE Clerk:

    Now come Bruce E. Joseph himself in the above styled and cause No.
this 8 day of July 2015 addressing this, and reputable. Supreme Court of Texas
in pro se manner and do hereby bring said Appellant's Motion for Rehearing
requests as follows:

                                        Respectfully Submitted
                                        Bruce Egrim Joseph

REJECTED PURSUANT TO RULE 79.2(C)
COURT OF CRIMINAL APPEALS

July 21, 2015

ABEL ACOSTA, CLERK

RECEIVED IN
COURT OF CRIMINAL APPEALS
JUL 16 2015

Abel Acosta, Clerk

Bruce Egrim Joseph
Appellant's Pro-Se
vs.
THE STATE OF TEXAS
Appellee

IN THE COURT OF CRIMINAL APPEALS
OF TRAVIS COUNTY, TEXAS

## APPELLANT'S MOTION FOR REHEARING

TO THE HONORABLE JUDGE OF SAID COURT:

Come Now, Bruce E. Joseph the Appellant pro se and files this his Motion for Rehearing and Would pursuant to Tex. R. App. Proc. 74.9 With the leave of the Court and Appellant Would Show Respectfully unto the Court as follows:

### I.

Appellant pro se in the above Styled and numbers Cause No's this __8__ day of __July__ 2015 addressing this Honorable Court in Pro See manner and do hereby bring Said Motion for Rehearing as follows.

### II.

Appellant received of the Criminal Appeals Order Seek his Motion for Appellant's Petition for Discretionary Review was refused on the 24th day of June 2015.

### III.

In Appellant's Notice to Court in the interest of Justice With the leave of Court, that the respondent have Committed reversable error and erred when She failed to address Appellant's 12 grounds of his points of grounds Submitted for review to the Honorable Court and the Court Should order the respondent the opportunity to address these 12 grounds/provision and any other arguments

1.

Appellant have. Still have in this trial court. See City of Sweetwater Vs. Waddell 218 S.W.3d 80.81 (Tex 2007); (Per Curiam); (City of Houston Vs. Jones 197 S.W.3d 391.392 (Tex.2006)(Per Curiam). To which he is Justly entitled to as order by this Court.

## IV.

With instruction the State and Appellant, and request the Court as follows. In support of such motion Appellant has showed the follow. to wit based on the following ground thereof, in which Appellant has acted with due diligence in bring the case forward for an evidentiary hearing to be held in this regard according with and Complaince. William Vs. Taylor 529 U.S. 362.391 (2000). See also U.S. V. Herrera 412 F.3d 577.581~82 (5th Cir. 2005).

## V.

Appellant point out/showed where Respondent erred in failing and Appellant – Applicant's Attorney failed to file a motion for D.N.A. testing. Accompained by Affidavit under Oath by the Respondent and Appellant's Attorney. pursuant Tex. Code of Crim. Proc. Art 64.01.

Appellant had to requested for Motion for forensic D.N.A. testing so that the trial Court Court to rule on the motion in pertinent part, by granting Appellant's Petitioner Bruce Egrim Joseph number 1 request that the Fort County inconnection with Harris County District Clerk office. Police Department, District Attorney office. and Appellant's Attorney office be and hereby order to submit the evidence. If any for REEXAMINATION. INSPECTION. COPYING AND TESTING TO DETERMINE IF BIOLOGICAL ITEAMS EXIST INCLUDING, But NOT LIMITED To. CLOTHS. FINGER NAIL. FINGER PRINTS. RAPE KIT. FORENSIC ANTHROPOLOGY. BALLIS, BIT MARKS; BloodSTAIN, PATTEN

2.

ANALYSIS; DNA. ENTOMOLOGY; BIMONO TEST, PLOGRAPH TEST, PRINTS (FINGERFOOT, EAR, NAIRE); IAC TRACE EVIDENCE, OR OTHER SCIENTIFIC EVIDENCE ESTABLISH APPELLANT'S ACTUAL INNOCENCE etc.,

## VI.

That the Appellant pro se is presentedly Unlawfule or illegally incarcerated in the facility of T.D.C.J -ID Neal Unit; and Appellant can not make bond and he is indigent at times and does not have sufficient funds in his inmate trust fund Account. Court-Appointed Counsel for Appellant should be ordered to render effective Assistance of Counsel in this case;

Under the point of Error in the 12 grounds Unanswer: Appellant Pursuant to Tex. R. App. Proc. 44.4. In order to properly prepare this Case, Court Appointed Counsel will be require, require the Assistance of a private investigator to Search for potential witnesses and because of the Complicated Nature of these Case and the number of witness that may be testifying for the State and/or the Appellant, it is Necessary that ann investigator be appointed by the Court so that the Appellant may Properly Prepare for his defense, and the accusations and indictment(s) made against Mr. Bruce E. Joseph. Also, he or she is to Seek and Compile any and all type of Records and information, including Open public Records, any and all written reports and Supplements Created by the public Agencies and Departments that are Subject to the Open Record Act, Article 6252-17, V.A.C.S., Pertaining to the (se) indictment(s) Offense, and this Appellant, that may necessary for the preparation of

these Cases. See Rule 12(A); Under Rule 4(F)(2) Notice of the investigation Citing. Visage V. Marshall. Tex. App. 632 S.W.2d 667; Ohio Vs. Roberts 100 S. Ct. 2531 (1980); Crawford Vs. Washington 124.S.Ct. 1354 (2004); 100 S.W.3d 429; Brada VS. Maryland 83.S.Ct. 1194 (1963)

## VII.

The Code of Crim. Proc. provides that a Convicted person may sub-mits to the Convicting Court a Motion for forensic DNA testing of evidence Containing biological material. See. Tex. Code. Pro. 64.01(a). Upon Notice. it is incumbent upon the state to properly investigate the forensic DNA request /and deliver any evidence Containing biological evidence to the Court or explain in Writing Why it Cannot deliver that evidence to the Court. See Tex. Code Crim. Proc. 64.02(2)

## VIII

Appellant ask /Request that this Court has statutory Authority to grant either requests that this Court order the State to hold a live evidentiary hearing or to release him from unlawful Confinement, under Chapter 64 only requires a live hearing When the trial Court se: issues a finding regarding Whether the results of DNA Testing Ordered under Article 64.03 are favor-able or Non-favorable. See Jones V. State 161 S.W.3d 685, 689-90 (Tex. App. Ft. Worth 2005 pet. Refused); Tex. Code. Crim. Proc. Art. 64.04; Exparte Tuley 109 S.W.3d at 391; Exparte Knipp 236 S.W.3d 214 (Cr. App. 2007); 910 S.W. 2d 481; 872 S.W.2d 694; 802 S.W.2d 241: T.C.C.P. Art. 11.07.

## IX

That the Appellant request that a hearing outside the presence of the Jury and him present be had before Viore dire begins and that this Court

set this matter down for a hearing prior to the begining of testimony and that. After Such hearing. All Relief requested be in all things granted, and for all general relief as well.

## X

That the Appellant requests the Court to allow him to testify at the guilt Stage of Retrial/Post-Conviction proceedings free from impeachment by and all of the prior Convictions that the State has given notice of an intent to use Submitted to his Court-Appointed Counsel for its review and to him as well.

## XI.

That the Appellant request that the State require to prove, by a prepondrance of the evidence beyound a reasonable doubt, that the probative value of each of these Convictions and unlawful Convictions as to the credibility of the Appellant, outweights the prejudice effect of any Such Convictions and unlawful Convictions to Appellant pro se herein before, during, and there after Conviction. See. State V. Toney 979 S.W. 2d 642: 881 S.W. 2d 288.

## XII.

That the Undersigned Attorney is Counsel of Record and Should be hereby Appoint an Court Appointed Attorney of Record for the Applicant-Appellant pro se in this proceedings.

## XIII.

That the Appellant pro se is presentedly unlawful or illegally in-carcerated in the facility of TDCJ-ID Neal Unit, and Appellant can not make bond and he is indigent at times and does not have Sufficient

5.

funds in his inmate trust fund account. Court-Appointed Counsel for Appellant should be order to render effective Assistance of Counsel in this case, and he and/or she believes the Appellant should undergo a psychological examination by a licensed Clinical psychologist in the State of Texas in this regard is based on Appellant Court-Appointed Counsel review of ~~this case, and~~ the entire records and properly investigative History in this case, and Court-Appointed Counsel should also believes Appellant is in need of a psychological examination.

## XIV.

In the event this Court permits the psychological examination by a doctor, the Appellant request that he or she be reimbursed for his or her reasonable and necessary fees. Based on the above, the Appellant Respectfully pray that this Motion be in all things granted based also on these following grounds that the State prosecutor did not act with due diligence in bring forth the Appellant for trial on the merits of this case, and that the Court issue an order permitting the Appellant to be examined in Fort Bend County, TX and/or designated by this Court by a doctor and that the doctor be reimbursed in a reasonable amount for his or her examination and his or her subsequent testimony, should be needed and necessary and respectfully moves the Court to provide expenses for investigation and expert testimony of such ~~investion pursuant to~~ investigation pursuant to Article 26.05, Section (A), C.C.P., and Articles 64.01 through 64.05, V.A.C.C.P.

## XV.

Appellant exercises due diligence ~~in this~~ and through no fault of his own is unable to obtain records, materials and relevant records of the evidence. A new trial may be required in order to preserve Appellant's rights to Appellate review. See Magan Express, 525 S.W.2d at. 315 Citing Robinson v. Robinson 487 S.W.2d 713. 715 [Tex. 1972]. Respondent Standard his name by having the victim, Ms. Cassandra C. Williams falsely filing an Affidavit and Complaint which ultimately resulted in his Criminal prosecution for Sexual assault, and argues that his mental illness rendered him ~~in~~ incompetent to be sentenced. Moreover, Appellant's argument that the State Court violated state law by failing to provide a competency hearing and including an an opportunity to be examined by expert psychiatric examination Resulted in a decision that involved an unreasonable application of the Relevant Federal Law. Vernon ANN. Tex. C.C.P. Art. 46B.004 - 46B.006, 46B.003 (A) U.S. vs. Williams 998 F.2d 258 (5th Cir. 1993)(Dunn v. Johnson 162 F.3d 302 (5th Cir. 1998)(Young v. State 177 S.W.3d 136, Pate v. Robinson 86 S.ct. 836 (1966)

## XVI.

Appellant Contends that the trial Court erred in failing not having him evaluate to determine if he was incompetent to stand trial for punishment hearing on the false Charges of Sexual Assault. Appellant argues that the Confession was not Voluntarily given rendered his pleas involuntarily and he did not knowingly the Consequence of his Charges and pleas of the totality of the Circumstances and it was done without an attorney present in violation of law 6th and 14th Amends ~~ment~~ U.S. Const. 79 S.W.3d 1, Exparte Mady 991 S.W.2d 859.

Wherefore, premises Considered, Appellant, respectfully pray the Court grant his Motion with the necessity of a hearing and with the necessity of Appellant being returned to Fort Bend County /or designated by this Court, for

the purposes of Appellant's Requests.

Respectfully Submitted

Bruce Egrim Joseph

Bruce Egrim Joseph
TDCJ-CID#1411430 Appellant pro se
Neal Unit 9055 Spur 591
Amarillo, TX 79107

## CERTIFICATE OF SERVICE

I Certify that a true Cody of the above Motion for Rehearing pursuant to Teh.R.App.Proc. 74.9 was served bu placing Same in the U.S. Posted Mail Box and addressed To: Court Clerk. Ms Abel Acosta of Travis County, TX. Supreme Court Bldg 201 W. 14th Street. P.O. Box 12308. Austin. TX 78711-2308 and the District Clerk Ms. Annie Rebecca Elliott of Fort Bend County, TX. 301. Jackson Street. Richmond. TX 77469. In the 268th District Court. Executed and Signed on this the __8__ day of July 2015.

```
CSINIB02/CINIB02      TEXAS DEPARTMENT OF CRIMINAL JUSTICE         07/08/15
KN34/GJ00005                 IN-FORMA-PAUPERIS DATA                11:20:45
TDCJ#: 01411430 SID#: 02846481 LOCATION: NEAL         INDIGENT DTE: 03/24/15
NAME: JOSEPH,BRUCE EGRIM           BEGINNING PERIOD: 01/01/15
PREVIOUS TDCJ NUMBERS: 00348284
CURRENT BAL:        0.00 TOT HOLD AMT:        0.00 3MTH TOT DEP:       0.00
6MTH DEP:          50.00 6MTH AVG BAL:       25.35 6MTH AVG DEP:       8.33
MONTH HIGHEST BALANCE TOTAL DEPOSITS   MONTH HIGHEST BALANCE TOTAL DEPOSITS
06/15        0.00           0.00       03/15       54.01           0.00
05/15        0.36           0.00       02/15       54.01           0.00
04/15        2.43           0.00       01/15       78.41          50.00
PROCESS DATE   HOLD AMOUNT      HOLD DESCRIPTION
```

STATE OF TEXAS COUNTY OF _Potter_
ON THIS THE **8th** DAY OF _July_ ,_2015_, I CERTIFY THAT THIS DOCUMENT IS A TRUE,
COMPLETE,AND UNALTERED COPY MADE BY ME OF INFORMATION CONTAINED IN THE
COMPUTER DATABASE REGARDING THE OFFENDER'S ACCOUNT. NP SIG:
PF1-HELP PF3-END ENTER NEXT TDCJ NUMBER: _01411430_  OR SID NUMBER: _____



Gerald Wayne Whitfield, Jr.
NOTARY PUBLIC,
STATE OF TEXAS
My Commission Expires 06-07-2019
NOTARY WITHOUT BOND



Bruce E. Joseph
TDCJ-ID#1411430
Neal Unit GI-22 B
9055 Spur 591
Amarillo, TX 79107-9696

IN THE COURT OF CRIMINAL APPEALS OF TEXAS
Att: Ms Abel Acosta (Court Clerk)
Supreme Court Bldg W. 14th St.
P.O. Box 12308
Austin, Texas 78711-2308